# IN THE UNITED STATES DISTRICT COURT
# FOR THE NOTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Myriam Rangel and Romelia Marroquin, )
)
    Plaintiffs, )
)
v. )
)
NCO Financial Systems, Inc., a )
Pennsylvania corporation, )
)
    Defendant. )

JUDGE LINDBERG

04C 3334

MAGISTRATE JUDGE BOBRICK

## COMPLAINT

Plaintiffs, Myriam Rangel and Romelia Marroquin, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages by reason of Defendant's violations of the FDCPA, and allege:

### JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked as authorized by § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs Rangel and Marroquin reside here, and Defendant transacts business here.

### PARTIES

3. Plaintiff, Myriam Rangel ("Rangel"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, whom Defendant repeatedly and improperly contacted to collect a delinquent consumer debt allegedly owed by her sister, Romelia

1

Marroquin.

4. Plaintiff, Romelia ("Romy") Marroquin ("Marroquin"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect, by repeatedly and improperly contacting her family, a delinquent consumer debt that she allegedly owed.

5. Plaintiffs, Rangel and Marroquin, are adult sisters who do not reside together.

6. Defendant, NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania corporation which acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the telephone and/or the mail to collect, or attempt to collect, delinquent consumer debts, including consumer debts in the Northern District of Illinois.

## FACTUAL ALLEGATIONS

7. On May 20, 2003, Rangel received a telephone call from her son, who told Rangel that her stepmother, Marta ("Stepmother"), who lives in Texas with Plaintiffs' father, had called and sounded very upset. Fearing that something had happened to her father, Rangel immediately called her stepmother.

8. Her Stepmother told Rangel that she had just received a frightening telephone call from someone looking for Marroquin. When the caller (hereinafter "NCO's Debt Collector") was told that Marroquin did not live with the Stepmother in Texas, NCO's Debt Collector asked for Marroquin's number, which the Stepmother did not have. NCO's Debt Collector then told the Stepmother that Marroquin owed money for a credit card debt and there was a warrant out for Marroquin's arrest. NCO's Debt Collector asked what relationship the Stepmother had to Marroquin and she responded

that Marroquin was her husband's daughter. NCO' Debt Collector continued to ask for Marroquin's number and stated that Marroquin would be in big trouble if Marroquin did not contact NCO. NCO's Debt Collector also stated that Marroquin's father would also be in trouble and would have to respond for Marroquin. NCO's Debt Collector left a telephone number for NCO of 1-877-363-0956, ext. 1866, for Marroquin to call.

9. After talking to her Stepmother, Rangel, called 1-877-363-0956, ext. 1866, and told the woman who answered the telephone, NCO's Debt Collector, that she was calling on her father's behalf, because someone had been trying to contact her sister. NCO's Debt Collector confirmed that she had just tried to get a hold of Marroquin and asked for a number to reach Marroquin. Rangel responded by stating that she would not give her sister's number out to anyone without knowing what it was in regards to; NCO's Debt Collector stated that she could not tell Rangel what this was about. Rangel then stated that NCO's Debt Collector had not held back this information when she had talked to the Stepmother regarding Marroquin's alleged debt and the threat to take both Marroquin and her father to court. NCO's Debt Collector's response was: so what, give me your sister's phone number. Rangel repeatedly refused to provide Marroquin's number and attempted to end the conversation by demanding that NCO's Debt Collector stop calling her father's house in Texas. NCO's Debt Collector stated that she would call as many times as she wanted until she got want she wanted. Rangel then hung up.

10. Immediately thereafter, Rangel's telephone rang again and NCO's Debt Collector said, "Guess what? I now have your number and I'll call you all day long." Rangel hung up on her.

11. Rangel then dialed 1-877-636-0956, but did not enter the extension for NCO's debt collector. A man answered and Rangel asked to speak with a supervisor. The man (hereinafter "NCO's Supervisor") replied that he was a supervisor. Rangel told NCO's Supervisor that she needed to speak to a supervisor regarding one of NCO's employees harassing Rangel and her family. NCO's Supervisor put Rangel on hold. While on hold, Rangel's call waiting kept beeping, because NCO's Debt Collector, with whom she had originally spoken, was attempting to call Rangel.

12. NCO's Supervisor eventually came back on the telephone line and asked for Rangel's number. Rangel replied that NCO's supervisor should ask NCO's Debt Collector for that information, since NCO's Debt Collector was harassing Rangel and attempting to call Rangel even as Rangel was speaking with NCO's Supervisor. NCO's Supervisor put Rangel on hold again and then another man ("NCO's Employee") picked up the line.

13. The first thing NCO's Employee said was "Romy?". Rangel stated that she was not Romy (Marroquin), but her sister. NCO's Employee asked for Rangel's name, but Rangel only gave her first name. NCO's Employee then falsely stated that Rangel's cell telephone number was the number NCO had been given to contact Marroquin. Rangel informed NCO's Employee that he was lying because the cell telephone belonged to her employer, and no one could have given this number to NCO. NCO's Employee continued to lie by claiming that Rangel's Stepmother had given him the number when he spoke to her earlier. Rangel again pointed out that NCO's Employee was lying because her Stepmother had spoken to a woman. NCO's Employee then claimed that he had been listening in on the initial call to the Stepmother. Rangel

4

reiterated that no one gave out her job-related cell telephone number and demanded that NCO stop calling Rangel and stop calling Rangel's father's home in Texas. NCO's Employee continued to harass Rangel, and refused to believe that her Stepmother did not have Marroquin's telephone number.

14. Despite Rangel's demand, she continued to receive three to four calls per week on her cell telephone from NCO, which Rangel refused to answer – easily identified as an "incoming call" with no telephone number. On June 24, 2003, in the evening, Rangel asked her husband to answer yet another NCO call on her cell telephone and he repeatedly told the NCO's caller to stop calling Rangel because it was a company telephone. NCO, however, called two more times. The final time, NCO left a voice-mail message stating, "I'm gonna call you all day long, until you get Romy on the phone. I just want to let you know that."

15. Defendant's statements, through it agents, are to be interpreted under the "unsophisticated consumer" standard. (See, Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); and, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994)).

## COUNT I
### Violations of § 1692b and d of the FDCPA -
### Repeated Improper Telephone Calls

16. Plaintiff, Rangel, adopts and realleges the allegations contained in ¶¶ 1-15. Count I is bought solely on behalf of Plaintiff Rangel.

17. Section 1692b(3) prohibits a debt collector, when attempting to acquire location information about a consumer, from communicating with any person more than

once unless requested to do so by such person, see 15 U.S.C. § 1692b(3). Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, see 15 U.S.C. § 1692d. Plaintiff Rangel, specifically and repeatedly, told NCO's Debt Collector and NCO's Employee to stop calling Rangel. Despite this demand, NCO continued to call Rangel, and threatened to continue NCO's harassment of Rangel until Rangel provided NCO with her sister's telephone number. Defendant NCO's repeated telephone calls to Rangel thus violate § 1692b and d of the FDCPA.

18. Defendant's violations of § 1692b(3) and d of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

## COUNT II
### Violations of § 1692e and f of the FDCPA -
### False Statements and Unfair Practices

19. Plaintiffs adopt and reallege the allegations contained in ¶¶'s 1-15.

20. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, see 15 U.S.C. § 1692e. Moreover, § 1692f prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt, see 15 U.S.C. § 1692f. NCO falsely stated that there was a warrant out for Marroquin's arrest and that Marroquin's father would also be in trouble and would have to respond for Marroquin. NCO also falsely stated to Rangel that NCO had been given Rangel's cell telephone number as a number at which to contact Marroquin. These untrue

statements were both false, deceptive or misleading and unfair or unconscionable, in violation of § 1692e and f of the FDCPA.

21. Defendant's violations of §§ 1692e and f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

## COUNT III
### Violations of § 1692b(2) and § 1692c(b) of the FDCPA - Communicating With Third Parties

22. Plaintiff, Marroquin, adopts and realleges the allegations contained in ¶¶'s 1-15. Count III is bought solely on behalf of Plaintiff Marroquin.

23. Section 1692b(2) prohibits a debt collector, when attempting to acquire location information about a consumer, from stating that the consumer owes a debt, see 15 U.S.C. § 1692b(2). Section 1692c(b) of the FDCPA prohibits a debt collector from communicating, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. By informing Plaintiff Marroquin's Stepmother that Marroquin owed a debt, Defendant NCO violated § 1692b(2) and § 1692c(b) of the FDCPA.

24. Defendant's violations of § 1692b(2) and c(b) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

### PRAYER FOR RELIEF

Plaintiffs, Myriam Rangel and Romelia Marroquin, pray that this Court:

1. Declare that Defendant NCO's debt collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiffs Rangel and Marroquin, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs Rangel and Marroquin demand trial by jury.

Myriam Rangel and Romelia Marroquin,

_____
One of Plaintiffs' Attorneys

Dated: May 11, 2004

David J. Philipps
Mary E. Philipps
Gomolinski & Philipps, Ltd.
8855 S. Roberts Road
Hickory Hills, Illinois 60457
(708) 974-2900
(708) 974-2907 (FAX)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet



This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Northern District of Illinois.

**Plaintiff(s):** Myriam Rangel and Romelia Marroquin,

**Defendant(s):** NCO Financial Systems, Inc., a Pennsylvania corporation,

**County of Residence:** DuPage

**County of Residence:**

**Plaintiff's Atty:** Gomolinski & Philipps, Ltd.
8855 S. Roberts Road
Hickory Hills, IL 60457
(708) 974-2900

**Defendant's Atty:**

JUDGE LINDBERG

**04C 3334**

MAGISTRATE JUDGE BOBRICK

**II. Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)

**III. Citizenship of Principal Parties** (Diversity Cases Only)
Plaintiff:- N/A
Defendant:- N/A

**IV. Origin:** 1. Original Proceeding

**V. Nature of Suit:** 890 Other Statutory Actions

**VI. Cause of Action:** Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq.

**VII. Requested in Complaint**
Class Action: **No**
Dollar Demand: **damages, costs, and reasonable attorneys' fees**
Jury Demand: **Yes**

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

**Signature:**
**Date:** 5/11/04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** Revised: 06/28/00

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of Myriam Rangel and Romeilia Marroquin, v. NCO Financial Systems, Inc., a Pennsylvania corporation.

**JUDGE LINDBERG**

Case Number: **04C 3334**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiffs, Myriam Rangel and Romelia Marroquin.

**DOCKETED MAY 12 2004**

**MAGISTRATE JUDGE BOBRICK**

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: David J. Philipps | NAME: Mary E. Philipps |
| FIRM: Gomolinski & Philipps, Ltd. | FIRM: Gomolinski & Philipps, Ltd. |
| STREET ADDRESS: 8855 S. Roberts Road | STREET ADDRESS: 8855 S. Roberts Road |
| CITY/STATE/ZIP: Hickory Hills, Illinois 60457 | CITY/STATE/ZIP: Hickory Hills, Illinois 60457 |
| TELEPHONE NUMBER: 708-974-2900 | TELEPHONE NUMBER: 708-974-2900 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): Ill. Bar No. 06196285 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): Ill. Bar No. 06197113 |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

U.S. DISTRICT COURT CLERK 04 MAY 11 PM 2:56